UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       NO. 10-204

KENNETH BOWEN                                SECTION "N" (1)
ROBERT GISEVIUS
ROBERT FAULCON
ANTHONY VILLAVASO
ARTHUR KAUFMAN
GERARD DUGUE

### ORDER AND REASONS

Presently before the Court is the "Motion to Suppress Statements Obtained in Violation of the Sixth Amendment to the United States Constitution" (Rec. Doc. 255) filed by Defendants Gisevius and Villavaso. The Court heard oral argument and testimony regarding this motion on April 18, 2011. At the conclusion of the hearing, for the reasons orally stated, the Court denied the motion to the extent that these defendants asserted that the seven (7) pre-indictment statements at issue were obtained in violation of the Sixth Amendment right to counsel. *See* April 18, 2011 Minute Entry (Rec. Doc. 303). With respect to one statement, however – the March 26, 2010 secretly recorded conversation between Villavaso and "government informant/cooperator/agent Robert Barrios" – the Court ordered the motion submitted in part, and requested supplemental briefing relative to a potential, alleged violation of Rule 4.2(a) of the

1

Louisiana Rules of Professional Conduct.[1]  *Id.*

As the Court explained at the April 18th hearing, the March 26th statement was treated differently from the other five such statements because a timeline created by the Government, upon the Court's direction,[2] reflected that just one day earlier, that is March 25, 2010, Department of Justice attorney Barbara (Bobbi) Bernstein and FBI Special Agent Bill Bezak met with counsel for Villavaso.[3]  Significantly, however, the Government's post-hearing supplemental brief indicates that the March 25th meeting date reflected on the pre-hearing timeline was in error, and that the March 26th surreptitiously-taped conversation occurred approximately ten days *before* the meeting

---

[1] These rules have been adopted by this Court.  *See* Local Civil Rule 83.2.3 of the Local Rules of the United States District Court for the Eastern District of Louisiana; *see also* Rule 1.2 of the Rules for Lawyer Disciplinary Enforcement of the United States District Court for the Eastern District of Louisiana.

[2] *See* April 4, 2011 Order, ¶4 (Rec. Doc. 276).  Given that the timeline was created only upon the Court's instruction, given well before the April 18th hearing date, counsel knew or should have known that Court sought confirmation of the timing of relevant events and believed such information to be important.  Indeed, the Court devoted a significant amount of preparation time and resources relative to this motion prior to the April 18th hearing, as did the Court and counsel during the course of the hearing, based on the March 25th meeting date reflected in the Government's timeline.  Accordingly, given that the actual date of the meeting between the Government and Villavaso's counsel apparently was discernable simply by checking the FBI case agent's and Mr. Kearney's calendars, as well as Ms. Bernstein's archived emails, and the Justice Department's substantial investigatory skill and resources, the Court is disappointed and troubled by the Government's initial sloppiness in preparing a document that the Court ordered in an attempt to facilitate the proper and efficient disposition of the parties' motions.

[3] Villavaso and his counsel contend that it was agreed during the meeting that all Government communication with Villavaso would be done through counsel, and that the agreement extended to overt contact *and* covert contact, directed and approved by federal prosecutors and investigators, by cooperating persons such as Barrios.  The Government disagrees that the agreement extended to such covert contacts, emphasizing that such an agreement would be highly unusual.  Given the Court's disposition of this motion, and that the meeting in question actually occurred *after* the March 25th statement at issue, resolution of this dispute is now unnecessary.

between the lawyers actually was held on April 6, 2010.[4]  Based on this clarification, for the reasons stated herein, the Court finds no reason to treat the March 26th statement differently from the other five secretly taped statements.

At the April 18th hearing and in post-hearing submissions, Villavaso urges that, regardless of whether the March 26th taping occurred before or after the meeting between counsel, the statement, taken at the direction of federal prosecutors and investigators, violates Rule 4.2(a) and thus should be suppressed.[5]  The Court disagrees.  Even if the March 26th statement was taken in violation of Rule 4.2, which issue the Court does not decide,[6] suppression of the resulting evidence

---

[4]  *See* Government's Supplemental Memorandum on Rule 4.2 (Rec. Doc. 313).

[5]  That rule provides, in pertinent part:

**Rule 4.2 Communication with Person Represented by Counsel**

In representing a client, a lawyer shall not communicate about the subject of the representation with:

(a) a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

*See* Louisiana State Bar Articles of Incorporation, Art. 16, Rules of Prof. Conduct, Rule 4.2, LSA-R.S. foll. 37:222.

[6]  In their post-hearing briefs, the parties devote much discussion to the "McDade Amendment," 28 U.S.C. §530B, and various federal and state cases.  The Louisiana cases cited by Villavaso do not involve covert contacts, much less the type involved here.  *See State v. Walker*, 567 So.2d 581 (La. 1990); *State v. Gilliam*, 748 So.2d 622 (La. Ct. App. 4th Cir.), *writ denied*, 769 So.2d 1215 (La. 2000).  And, the Second Circuit, in *United States v. Hammad*, 858 F.2d 834, 838-40 (2nd Cir. 1988), *cert. denied*, 498 U.S. 871 (1990), also cited by Villavaso, emphasized that the "authorized by law" exception to the rule  generally applied to "the use of informants by government prosecutors in a pre-indictment, non-custodial situation. . . ."  In any event, the Court leaves it for the state disciplinary authorities to determine whether any disciplinary proceedings and sanction of any sort are justified.  Here, at this juncture, this Court addresses an evidentiary motion and finds that, in this instance, suppression of evidence is not warranted. *Cf. United States v. Carona*, 630 F.3d 917, 920-24 (9th Cir.  2011) (applying a case-by-case approach to determine that the "no

is not warranted under the circumstances presented here.

Specifically, the Court notes that the conversation did not involve overt contact by one of the federal prosecutors or investigators. Nor, significantly, was Villavaso coerced or in any way intimidated into talking. To the contrary, Villavaso, a police officer obviously familiar with overt and covert investigatory tactics, was aware of the ongoing federal investigation (and indeed had been visited by Bezak on March 4, 2010), but nevertheless voluntarily engaged in a conversation with Barrios, a fellow police officer and likely target of the investigation, without counsel present. Quite simply, Villavaso knew or should have known the risks of talking, and now faces the evidentiary consequences of taking that risk. Thus, on the facts presented, **IT IS ORDERED** that the motion to suppress is **DENIED** in its entirety.

New Orleans, Louisiana, this 20th day of May 2011.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

contact"rule had not been violated but, even if it had, finding no abuse of discretion in the district court's refusal to suppress the resulting communications); *United States v. Brown*, 595 F.3d 498, 514-16 and n. 23, (3rd Cir. 2010), *cert. denied*, 131 S. Ct. 903 (2011) (finding no violation and similarly concluding suppression would not have been the appropriate remedy); *In re Katrina Canal Breaches Consol. Litig.,* Civ. Action No. 05-4182, 2008 WL 2066999, *6-7 (E.D. La. May 14, 2008)(Wilkinson, M.J.) (except in special cases attorney ethical violations should be addressed by an attorney sanction rather than by punishing the client by excluding evidence).